# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 16, 2021

Lyle W. Cayce
Clerk

No. 20-40339
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

HERIBERTO DIAZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-1088-1

Before HIGGINBOTHAM, JONES, and COSTA, *Circuit Judges*.

PER CURIAM:*

A jury convicted Heriberto Diaz of conspiring to possess with intent to distribute 100 kilograms or more of marijuana. Although he has already been released from prison, Diaz's appeal is not moot because he challenges his conviction, which carries collateral consequences. *See Spencer v. Kemma*,

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

523 U.S. 1, 7–8 (1998). Diaz argues that the trial evidence was insufficient to convict him of the charged offense. He also argues that his due process rights were violated because the prosecution lost or destroyed evidence.

The sufficiency challenge fails. According to from Diaz's co-conspirator, Diaz—rather than merely being present during the offense or associating with those involved—originated a plan to steal marijuana for later distribution, joined in an agreement to execute that plan, and participated in the agreement. *See Terrell*, 700 F.3d at 760; *United States v. Patino-Prado*, 533 F.3d 304, 309 (5th Cir. 2008). That testimony alone was sufficient to allow the jury to find Diaz guilty. *See United States v. Rasco*, 123 F.3d 222, 229 (5th Cir. 1997); *United States v. Bermea*, 30 F.3d 1539, 1552 (5th Cir. 1994).

Diaz attacks the credibility of prosecution witnesses and argues that his testimony, which suggested that he was not a knowing participant in the conspiracy, was not properly credited. Diaz thus is asking this court to reexamine the jury's credibility determinations. That we cannot do. *See United States v. Sanchez*, 961 F.2d 1169, 1173 (5th Cir. 1992) ("The assessment of the weight of the evidence and the determination of the credibility of the witnesses is solely within the province of the jury."). His claims that he could not be convicted because he did not know all the participants or parts of the plan and did not possess marijuana ignore basic tenets of conspiracy law. *See United States v. Scott*, 892 F.3d 791, 797 (5th Cir. 2018); *United States v. Posada-Rios*, 158 F.3d 832, 858 (5th Cir. 1998).

Likewise, Diaz has not shown a due process violation. He asserts that the prosecution lost or destroyed an audio recording of a discussion between him and his-co-conspirator that allegedly reflected that he did not knowingly participate in the charged conspiracy. We review his claim de novo. *United States v. Valas*, 822 F.3d 228, 236 (5th Cir. 2016).

No. 20-40339

Diaz, who does not allege what was said during the discussion or offer details as to the substance of the conversation despite participating in it, has not established that the exculpatory value of the audio recording was evident before it was lost or destroyed or argue or show that it is reasonably probable that the outcome of his trial would have been different if the recording were available. *See United States v. Bagley*, 473 U.S. 667, 682 (1985); *California v. Trombetta*, 467 U.S. 479, 489 (1984). Also, even if the recording were only potentially useful to the defense, Diaz has not alleged or established that the prosecution acted with bad faith in not preserving the recording. See *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988); *Trombetta*, 467 U.S. at 488. While the recording may have been handled negligently, Diaz may not prove a due process violation on that basis. *See Youngblood*, 488 U.S. at 58; *United States v. Glenn*, 935 F.3d 313, 20 (5th Cir. 2019).

The judgment of the district court is AFFIRMED.